IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA   RECEIVED
(NORTHERN DIVISION)

2008 FEB 21 P 3: 38

JOHN D. SWINDALL,

Plaintiff,

vs.

MERCK & CO., INC. and SCHERING-
PLOUGH CORPORATION,

Defendants.

Civil Action No.

**Removed from the Circuit
Court of Pike County,
Alabama**

**CV-2008-900010**

## NOTICE OF REMOVAL OF DEFENDANTS MERCK & CO., INC. AND SCHERING-PLOUGH CORPORATION

PLEASE TAKE NOTICE that defendants, Merck & Co., Inc. ("Merck") and Schering-

Plough Corporation ("Schering"), hereby remove this action, pursuant to the Class Action

Fairness Act of 2005 ("CAFA") and 28 U.S.C. §§ 1332, 1441 and 1446, from the Circuit Court

of Pike County, Alabama to the United States District Court for the Middle District of Alabama,

and respectfully state to this Court as follows:

1.       This action involves allegations regarding the prescription drug VYTORIN®.

There is litigation concerning VYTORIN throughout the United States.  Plaintiffs in other class

action cases have applied to the Judicial Panel on Multidistrict Litigation for an order

transferring VYTORIN cases to a single district for coordinated or consolidated proceedings.

Defendants have supported these applications and, upon the issuance of any such order, intend to

seek the transfer of this action pursuant to 28 U.S.C. § 1407.

2.       On January 26, 2008, plaintiff John D. Swindall commenced this putative class

action against Merck and Schering by filing a complaint in the Circuit Court of Pike County,

Alabama, Civil Action No. CV-2008-900010.00.

Swindall - Notice of Removal

3.    As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453 because defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.    The complaint was served on Merck on January 31, 2008, and on Schering on February 1, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.    The Circuit Court of Pike County is located within the Middle District of Alabama. Therefore, venue is proper pursuant to 28 U.S.C. § 98(b) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.    Defendants need not obtain the consent of any other party to remove this action.

7.    No previous application has been made for the relief requested herein.

8.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of this Court, clear and legible copies of all process, pleadings, and orders served upon the defendants, which papers include the summonses and complaints, are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Clerk of the Circuit Court of Pike County, Alabama.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND CAFA.

9.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because it is a putative class action in which: (1) there are 100 or more members in the plaintiffs' proposed class; (2) some members of the proposed class have a different citizenship

from some defendants, and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate.

A.    **Plaintiff's Proposed Class Consists of 100 or More Members.**

10.    In his complaint, plaintiff purports to represent a class "consisting of every individual and citizen of the State of Alabama, who at any point and time took the prescription drug known as 'VYTORYIN,' from the date of its release in 2004 through present." (Complaint ¶ 2.) "The exact number" of class members is "not known," but plaintiff estimates "that there are in excess of 50,000 members." (Complaint ¶ 3.)  Accordingly, the requirement that the proposed class include more than 100 members is clearly met.  *See* 28 U.S.C. § 1332(d).

B.    **The Parties Are Diverse.**

11.    There is diversity of citizenship between plaintiffs and defendants as required by 28 U.S.C. § 1332(d)(2)(A), because at least one plaintiff or proposed class member "is a citizen of a State different from any defendant."

12.    Plaintiff John D. Swindall is a resident and citizen of the State of Alabama, (Complaint ¶ 2), and does not allege any alternative state of residence.  He purports to represent a class of individuals who are all citizens of the State of Alabama.  (*Id.*)  Accordingly, upon information and belief, Alabama is the state in which each plaintiff is domiciled, and therefore, the state of which each plaintiff is a citizen for purposes of determining diversity.

13.    Merck is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

14.    Schering is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at 2000 Galloping

3

Hill Road, Kenilworth, New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

15.    The complaint also includes a number of fictitious defendants, but their citizenship is ignored for removal purposes 28 U.S.C. § 1441(a).  Thus, there is complete diversity between plaintiffs and defendants.

**C.    The Amount-In-Controversy Requirement Is Satisfied.**

16.    Plaintiff alleges that he " was previously prescribed the drug known as 'VYTORIN,' by his physician, he took the drug known as 'VYTORIN,' in the method and manner prescribed by his physician and the defendants, and thereafter, suffered from severe, debilitating and life-endangering difficulties, including heart disease, et al." (Complaint ¶ 9.) Plaintiff further alleges that all of the class members "have been injured and damaged in a manner almost identical to the injuries and damages suffered and sustained by plaintiff." (Complaint ¶ 10.)

17.    Based on these and other allegations, plaintiff claims that defendants are liable for "negligence, wantonness, breach of contract, breach of warranty, product liability, strict liability, fraud, misrepresentation, deceit, suppression, battery, wrongful death, outrage and conspiracy, as the facts warrant and as the law may allow."  (Complaint ¶ 11.)

18.    The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. 1332(d)(6).  In the aggregate, the claims of plaintiff and the proposed class members meet this jurisdictional threshold.

19.    As set forth above, plaintiff alleges that he and each member of the class suffered "severe, debilitating and life-endangering difficulties," including "heart disease," as a result of their ingestion of VYTORIN.  (Complaint ¶ 9.)  Plaintiff does not allege damages in a specified

4

amount, but given the size of the proposed class and the severity of the alleged injuries, it is

readily deducible from the complaint that this action meets the jurisdictional threshold under

CAFA. *See Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the

jurisdictional amount is either stated clearly on the face of the documents before the court, or

readily deducible from them, then the court has jurisdiction."); *Sanderson v. Daimler Chrysler*

*Motor Corp.,* Civ. Action No. 07-0559-WS-B, 2007 WL 2988222 (S.D. Ala. 2007) ("Certain

injuries are by their nature so substantial as to make it readily apparent that the amount in

controversy requirement is satisfied.").

     20.     Because the claims of the putative class members are aggregated to determine the

amount in controversy under CAFA, *see* 28 U.S.C. 1332(d)(6), even assuming a class of only

50,000 members, each member's claim would only have to seek $100 for the jurisdictional

threshold to be satisfied. It is self-evident that claims for serious debilitating and life-

endangering injuries, including heart disease, seek far more than $100 and that there is, therefore,

no question that the complaint seeks more than $5,000,000 in relief on behalf of the proposed

class in the aggregate.

     21.     Indeed, Alabama juries in product liability cases routinely render verdicts for

hundreds of thousands of dollars -- far in excess of $100 -- for personal injuries of a serious

nature. *See* Exhibit B. The Alabama Supreme Court has upheld such verdicts. *See, e.g., Cessna*

*Aircraft Co. v. Trzcinski,* 682 So. 2d 17 (Ala. 1996) (upholding an award of $3,000,000); *Ford*

*Motor Co. v. Burdeshaw,* 661 So. 2d 236 (Ala. 1995) (upholding an award of $1,225,000);

*Caterpillar Tractor Co. v. Ford,* 406 So. 2d 854 (Ala. 1981) (upholding an award of $500,000).

     22.     CAFA's legislative history makes clear that any doubts regarding the maintenance

of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See,*

Swindall - Notice of Removal

*e.g.*, S. Rep. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

III.   **EVEN APART FROM CAFA, REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

23.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court under 28 U.S.C. § 1441(b). The action is between citizens of different states and alleges claims that seek recovery in excess of $75,000, exclusive of interest and costs.

24.    Plaintiff Swindall is a citizen of the State of Alabama; Merck and Schering are each citizens of New Jersey. The Complaint also includes a number of fictitious defendants, whose citizenship is ignored for removal purposes 28 U.S.C. § 1441(a). Thus, there is complete diversity between plaintiffs and defendants.

25.    As stated above, the amount of recovery sought by each plaintiff exceeds $75,000, exclusive of interest and costs; and the jurisdictional threshold amount is satisfied. (*See* ¶ 21 and Ex. B.)

**WHEREFORE**, defendants respectfully remove this action from the Circuit Court of

Pike County bearing Civil Action No. CV-2008-900010.00 to this Court pursuant to 28 U.S.C. §

1441.

Dated: <u>February 21, 2008</u>

Respectfully submitted,

_____
Robert C. Brock (ASB-5280-B61R)
Benjamin C. Wilson (ASB-1649-154B)
Alan T. Hargrove, Jr. (ASB-7018-H46A)
Attorneys for Defendants Merck & Co., Inc.
and Schering-Plough Corp.

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270
Telephone:  334-206-3100
Fax:  (334) 263-4157
Email: <u>rcb@rsjg.com</u>
        <u>bcw@rsjg.com</u>
        <u>ath@rsjg.com</u>

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following counsel of record:

      Richard E. Crum, Esq.
      SHEALY, CRUM & PIKE, P.C.
      Post Office Box 6346
      Dothan, Alabama  36302
      Telephone:  (334) 677-3000
      Facsimile:    (334) 677-0030

                              ----------------------------------------
                                 Of Counsel

8

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**55-CV-200**<br>Date of Filing:<br>01/22/2008 | ELECTRONICALLY FILED<br>1/22/2008 5:22 PM<br>CV-2008-900010.00<br>CIRCUIT COURT OF<br>PIKE COUNTY, ALABAMA<br>BRENDA PEACOCK, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF PIKE COUNTY, ALABAMA
### JOHN D. SWINDALL v. MERCK & CO. INC. ET AL

First Plaintiff:  ☐ Business  ☑ Individual     First Defendant:  ☑ Business  ☐ Individual
☐ Government  ☐ Other                        ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:   PRODUCT LIABILITY/NEGI

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
   Appeal/Enforcement of Agency Subpoena/Petition to
   Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
   Judgment/Injunction Election Contest/Quiet Title/Sale For
   Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                              DISTRICT COURT

             R ☐ REMANDED                T ☐ TRANSFERRED FROM        _____
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   CRU012          1/22/2008 5:21:04 PM          /s Richard Crum

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided

**EXHIBIT**
**A**

**CERTIFIED MAIL**



BRENDA MEADOWS PEACOCK
CLERK CIRCUIT/DISTRICT COURT
120 WEST CHURCH ST.
TROY, ALABAMA 36081



7007 0710 0000 4825 7482



Schering-Plough Corporation
% Corporate Office
2000 Galloping Hill Rd.
Kenilworth, NJ 07033

07033$1328 C009

**CT** CORPORATION
A WoltersKluwer Company



**Service of Process
Transmittal**
01/30/2008
CT Log Number 513032159

RECEIVED
JAN 31 2008

TO:     Debra A Bollwage, Assistant Secretary
        Merck & Co., Inc.
        One Merck Drive
        Whitehouse Station, NJ 08889-0100

RE:     **Process Served in Alabama**

FOR:    Merck & Co., Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John D. Swindall, etc., Pltf. vs. Merck & Co., Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Service List, Cover Sheet |
| **COURT/AGENCY:** | Pike County Circuit Court, AL<br>Case # CV 2008 900010 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Class Action - Regarding the drug Vytorin which caused heart disease |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/30/2008 postmarked: "Illegible" |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Richard E. Crum<br>Shealy, Crum & Pike, P.C.<br>Post Office Box 6346<br>Dothan, AL 36302<br>334-677-3000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 790436493008<br>Email Notification, Debra A Bollwage DEBRA_BOLLWAGE@MERCK.COM |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of 1 / LP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>55-CV-2008-900010.00 |
|---|---|---|

### IN THE CIVIL COURT OF PIKE, ALABAMA
### JOHN D. SWINDALL v. MERCK & CO. INC. ET AL

**NOTICE TO**    MERCK & CO. INC., C/O THE CORPORATION CO. 2000 INTERSTATE PARK #204, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Richard Crum

WHOSE ADDRESS IS 2346 West Main Street, Suite 1, Dothan AL, 36303

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    JOHN D. SWINDALL
pursuant to the Alabama Rules of the Civil Procedure

| 1/22/2008 5:22:04 PM | /s BRENDA PEACOCK | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s Richard Crum |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

Date                              Server's Signature

ELECTRONICALLY FILED
1/22/2008 5:22 PM
CV-2008-900010.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT
## OF PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOHN D. SWINDALL**, an individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.: _____ |
| | * | |
| **MERCK & CO., INC.**, a corporation; | * | |
| **SCHERING-PLOUGH CORPORATION**; | * | |
| Fictitious Defendant "A," being that | * | |
| person, corporation or other legal entity | * | |
| who, or which, designed, distributed, | * | |
| manufactured, advertised, sold or | * | |
| otherwise placed into the stream of | * | |
| commerce the drug known as "Vytorin"; | * | |
| Fictitious Defendant "B," being that | * | |
| person, corporation or other legal entity | * | |
| who, or which, was responsible for | * | |
| adequately testing for the condition and | * | |
| safety of the drug known as "Vytorin"; | * | |
| Fictitious Defendant "C," being that | * | |
| person, corporation or other legal entity | * | |
| who, or which, was responsible for | * | |
| providing instructions for use, or | * | |
| adequate warnings, to persons of the | * | |
| dangers associated with the defects of | * | |
| the drug known as "Vytorin"; Fictitious | * | |
| Defendant "D," being that person, | * | |
| corporation or other legal entity whose | * | |
| negligence, wantonness, misrepresentation, | * | |
| suppression, breach of contract, breach | * | |
| of warranty or other wrongful conduct | * | |
| proximately caused the Plaintiff's injuries | * | |
| and damages alleged herein, or combined | * | |
| and concurred with the conduct of other | * | |
| named and Fictitious Defendants to | * | |
| cause the injuries and damages alleged | * | |
| herein; Fictitious Defendant "F", being the | * | |
| successors in interest to the above named | * | |
| Defendants and Fictitious Defendants, | * | |
| | * | |
| Defendants. | | |

## PLAINTIFF'S COMPLAINT

**AND DEMAND FOR TRIAL BY JURY**

COMES NOW THE PLAINTIFF, John D. Swindall, and hereby files his Complaint, on his

own behalf and as representative of all of the individuals and/or citizens of the State of Alabama that

have been injured and damaged by the drug known as "VYTORIN" (*"ezetimibe"*), against all of the

above named Defendants and Fictitious Defendants, stating as follows:

**CLASS ACTION COMPLAINT**

1.      This action is brought by Plaintiff John D. Swindall, as a Class Action, on his own

behalf and on behalf of all others similarly situated, under the provisions of *Alabama Rules of Civil*

*Procedures*, Rule 23(a)(1).

2.      The Class so represented by Plaintiff John D. Swindall, in this action, and of which

Plaintiff is a member, consists of every individual and citizen of the State of Alabama, who at any

point and time took the prescription drug known as "VYTORIN", from the date of its release in 2004

through present, said patients not benefiting from the use of "VYTORIN", which has now been

tested and proven not to reduce the buildup of plaque in the coronary arteries, a key progression

toward heart disease.

3.      The exact number of members of the Class, as herein able identified and described, is

not known, but it is estimated that there are in excess of 50,000 members. The Class is so numerous

that joinder of individual members herein is impracticable.

4.      There are common questions of law and fact in the action that relate to and affect the

rights of each member of the Class and the relief sought is common to the entire Class.

5.      The claim of Plaintiff John D. Swindall, who is a representative of the Class herein, is

typical of the claims of the Class, in that the claims of all members of the Class, including Plaintiff,

John D. Swindall, depend on a showing of the acts and omissions of the Defendants giving rise to

the right of Plaintiff to the relief sought herein. There is no conflict as between the named Plaintiff and other members of the Class with respect to this action, or with respect to the claims for relief herein set forth.

6.      The named Plaintiff is able to, and will fairly and adequately, protect the interests of the Class. The attorneys for Plaintiff are experienced and capable in litigation in the field of tort and product liability litigation and have successfully represented claimants in other litigation of this nature.

7.      This action is properly maintained as a Rule 23(b) Class Action inasmuch as the Defendants have acted on grounds generally applicable to the Class.

8.      Class-Action Plaintiff and Class Representative, John D. Swindall, is a resident and citizen of the State of Alabama, and the County of Pike.

9.      Class-Action Plaintiff and Class Representative, John D. Swindall, was previously prescribed the drug known as "VYTORIN", by his physician, he took the drug known as "VYTORIN", in the method and manner prescribed by his physician and the Defendants, and thereafter, suffered from severe, debilitating and life-endangering difficulties, including heart disease, et al. The complete extent and duration of said Class-Action Plaintiff and Class Representative, John D. Swindall, is not entirely known at this point in time, but will be ascertained through discovery as this matter progresses.

10.     All of the Class-Action Plaintiffs have been injured and damaged in a manner almost identical to the injuries and damages suffered and sustained by the Class Action Plaintiff and Class Representative, John D. Swindall.

11.     As a result of the injuries and damages suffered by all of the Class-Action Plaintiffs, they hereby file suit against the Defendants, and the Defendants are thus liable for Negligence,

Wantonness, Breach of Contract, Breach of Warranty, Product Liability, Strict Liability, Fraud, Misrepresentation, Deceit, Suppression, Battery, Wrongful Death, Outrage, & Conspiracy, as the facts warrant and as the law may allow.

12.    Defendant Merck & Company, Inc. is domiciled in the State of New Jersey, and has as its principal place of business, One Merck Drive, Whitehouse Station, New Jersey 08889.  The Defendant Schering-Plough Corporation is domiciled in the State of New Jersey, and has as its principal place of business 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.  Said Defendants, and all Defendants named herein, have systematically and continuously done business in the State of Alabama.  Otherwise, said Defendants, and all Defendants named herein, have the necessary minimum contacts with the State of Alabama, such that certification of this case is appropriate and just, and otherwise, this Honorable Court has both personal jurisdiction over the parties hereto and subject matter jurisdiction over the claims presented herein.

WHEREFORE, ALL PREMISES CONSIDERED, the Class-Action Plaintiff and Class Representative, John D. Swindall, hereby files this Class Action Complaint as to all of the Defendants and Fictitious Defendants, DEMANDINIG JUDGMENT, as to each of them in an amount to be determined by the trier of fact.  Said Plaintiff further demands, on behalf of the Class, all compensatory, punitive and/or other damages, which are available under the law, and which are necessary to adequately compensate the Class-Action Plaintiff and to punish and deter the Defendants from engaging in activities such as this in the future.

<u>COUNT II-FICTITOUS PARTIES</u>

13.    Plaintiff hereby adopts and reavers all for the foregoing paragraphs as if fully set out and reavered herein in full.

Page 4 of 6

14.    Plaintiff hereby adopts and realleges all of the above foregoing allegations, including Paragraphs numbered One through Thirteen (Numbered 13), against all Fictitious Defendants, et al, whose identity is not currently known but who are otherwise liable to the Plaintiff for the damages and injuries that he has sustained. Plaintiff will substitute the true name of these parties when they are properly identified and when Plaintiff is thus able to do so.

### PLAINTIFF'S DEMAND FOR TRIAL BY JURY

The Class-Action Plaintiffs hereby demand a Trial by Jury as to each and every issue in the above stated Complaint, so triable.

DATED this the 22nd day of January, 2008.

                                                    /s/ Richard E. Crum
                                                    Richard E. Crum, Esq. (CRU012)
                                                    Attorney for Plaintiff

OF COUNSEL:
SHEALY, CRUM & PIKE, P.C.
Post Office Box 6346
Dothan, Alabama 36302
*Telephone: (334) 677-3000*
*Facsimile: (334) 677-0030*

**PLEASE SERVE DEFENDANTS:**

Merck & Co. Inc.
c/o Registered Agent
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Schering-Plough Corporation
c/o Corporate Office
2000 Galloping Hill Road
Kenilworth, NJ  07033
*Telephone: (908) 298-4000*

## JURY AWARDS IN ALABAMA PRODUCT LIABILITY ACTIONS

| | |
|---|---|
| $950,000 | <u>Castleberry v. Cantrell Mach. Co.</u>, 2004 WL 3201180 (Ala. Cir. Ct., Blount County, Sept. 2, 2004) (products liability action by a woman whose hand was injured by a chicken heart and liver harvesting machine) |
| $50,000,000 (Original Verdict) | <u>Mack Trucks, Inc. v. Witherspoon</u>, 867 So. 2d 307 (Ala. 2003) (products liability case arising out of a tractor-trailer rollover) |
| $12,000,000 ($6,000,000 Compensatory, $6,000,000 Punitive) | <u>Morgan v. ProTech Industries</u>, 2003 WL 23111870 (Ala. Cir. Ct., Lamar County, Aug. 29, 2003) (wrongful death case based on products liability claim against truck manufacturer arising out of rollover and absence of cab guard on logging truck) |
| $7,000,000 | <u>Daniel v. Snap Products</u>, 2003 WL 23111815 (Ala. Cir. Ct., Baldwin County, May 28, 2003) (wrongful death case based on products liability claim against manufacture of tire repair product after treated tire exploded) |
| $4,168,500 ($1,068,500 Compensatory, $3,100,000 Punitive) | <u>McClain v. Metabolife Int'l, Inc.</u>, 259 F.2d 1225 (N.D. Ala. 2002) (products liability action by four plaintiffs who suffered cardiac symptoms after using ephedra-based dietary supplement) (reversed on appeal, 401 F.3d 1233 (11th Cir. 2005), and remanded for a new trail) |
| $960,000 ($25,000 over and above $935,000 in pro tanto settlements) | <u>Hannah v. Gregg Bland & Berry</u>, 2002 WL 32169853 (Ala. Cir. Ct., Colbert County, Oct. 25, 2002) (wrongful death case arising out of fatal crush injury in industrial belt equipment) |
| $122,000,000 ($22,000,000 Compensatory, $100,000,000 Punitive) | <u>Jernigan v. General Motors Corp.</u>, Bullock County (May 3, 2002) (products liability case arising out of collapse of Oldsmobile passenger compartment) (reversed on appeal, 883 So. 2d 646 (Ala. 2003), and remanded for new trial) |
| $510,000 Compensatory) $10,000,000 (Punitive) | <u>Hobart Corporation v. Scoggins</u>, 776 So. 2d 56 (Ala. 2000) (products liability action by a man who was injured while using a meat saw manufactured by Hobart) |
| $3,000,000 ($2,500,000 (Compensatory | <u>Cessna Aircraft Co. v. Trzcinski</u>, 682 So. 2d 17 (Ala. 1996) (products liability action by a man who was injured in an airplane crash due to a defective shoulder harness) |

60217030_1

EXHIBIT

B

$500,000 Punitive)

| $1,000,000 (Original verdict $825,000) | <u>Uniroyal Goodrich Tire Co. v. Hall</u>, 681 So. 2d 126 (Ala. 1996) (products liability action by a man who was injured when wheel rim exploded |
|---|---|
| $1,225,000 | <u>Ford Motor Co. v. Burdeshaw</u>, 661 So. 2d 236 (Ala. 1995) (wrongful death case brought against truck manufacturer after decedent was killed by a truck's transmission slipping out of neutral and crushing him. |
| $13,000,000 | <u>General Motors Corp. v. Saint</u>, 646 So. 2d 564 (Ala. 1994) (products liability action by a woman who was injured due to a defective seat belt) |
| $250,000 ($100,000 Compensatory, $150,000 Punitive) | <u>Flagster Enterprises, Inc. v. Davis</u>, 709 So. 2d 1132 (Ala. 1998) (products liability action by a woman who found human blood in styrofoam package containing biscuit gravy) |
| $250,000 | <u>Caterpillar, Inc. v. Hightower</u>, 605 So. 2d 1193 (Ala. 1992) (product liability action brought by a man who was injured by a broken tree trunk while handling machinery during logginig operation) |
| $225,000 | <u>Banner Welders, Inc. v. Knighton</u>, 425 So. 2d 441 (Ala. 1982) (product liability claim against manufacturer for personal injuries received on shuttle welder) |
| $12,000,000 | <u>Sears, Roebuck & Co. v. Harris</u>, 630 So. 2d 1018 (Ala. 1993) (wrongful death case based on product liability claims against manufacturer and retailer of gas water heater that caused carbon monoxide poising) |
| $7,500,000 | <u>General Motors Corp. v. Johnston</u>, 592 So. 2d 1054 (Ala. 1992) (wrongful death case based on product liability claim where child was killed in automobile accident) |
| $5,000,000 | <u>Industrial Chem. & Fiberglass Corp. v. Chandler</u>, 547 So. 2d 812 (Ala. 1989) (widows of two workers killed in industrial accident brought wrongful death action against distributor of cleaning substances that ignited and caused death of workers) |
| $2,875,000 | <u>General Motors Corp. v. Edwards</u>, 482 So. 2d 1176 (Ala. 1985) (wrongful death case based on products liability claim where two boys were killed in automobile accident) |
| $200,000 | <u>Interstate Engineering Inc. v. Burnett</u>, 474 So. 2d 624 (Ala. 1985) (wrongful death case brought against manufacturer of heat detectors after decedent was killed in a fire) |
| $800,000 | <u>Piper Aircraft Corp. v. Evans</u>, 424 So. 2d 586 (Ala. 1982) (damages in |

wrongful death case based on product liability claims against airplane manufacturer where decedent was killed in plane crash)

$500,000     <u>Caterpillar Tractor Co. v. Ford</u>, 406 So. 2d 864 (Ala. 1981) (wrongful death case based on product liability claims where decedent was killed in an accident on a tractor manufactured by defendant)

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003983
Cashier ID: cstrecke
Transaction Date: 02/22/2008
Payer Name: RUSHTON STAKELY JOHNSTON
------------------------------------
CIVIL FILING FEE
 For: RUSHTON STAKELY JOHNSTON
 Case/Party: D-ALM-2-08-CV-000129-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: RUSHTON STAKELY
 Check/Money Order Num: 105515
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM208CV000129-T

SWINDALL V MERCK & CO INC
```