IN THE CIRCUIT COURT OF
PIKE COUNTY, ALABAMA

| | |
|---|---|
| JOHN D. SWINDALL, | * |
| Plaintiff, | * |
| v. | * Case No.: CV-08-900010 |
| MERCK & CO., INC., *et al.*, | * |
| Defendant. | * |

RECEIVED

2008 FEB 21 P 3: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:08CV129-T

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Merck & Co., Inc., and Schering-Plough Corporation, have this date filed its Notice of Removal in the Office of the Clerk of the United States District Court for the Middle District of Alabama a copy of which is attached hereto as **Exhibit A**.

_____
ALAN T. HARGROVE, JR.
One of the Attorneys for Defendant,
Merck & Co., Inc. and Schering-
Plough Corporation

OF COUNSEL:
Robert C. "Mike" Brock
Alan T. Hargrove, Jr.
Ben C. Wilson
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
rcb@rsjg.com
ath@rsjg.com
bcw@rsjg.com

-2-

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties on this the 21st day of February 2008, as follows:

Richard E. Crum, Esq.
SHEALY, CRUM & PIKE, P.C.
Post Office Box 6346
Dothan, Alabama 36302
Telephone: (334) 677-3000
Facsimile: (334) 677-0030

_____
Of Counsel

BA2/302145.01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| JOHN D. SWINDALL,<br><br>                Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC. and SCHERING-PLOUGH CORPORATION,<br><br>                Defendants. | Civil Action No. _____<br><br>**Removed from the Circuit Court of Pike County, Alabama**<br><br>CV-2008-900010 |

## NOTICE OF REMOVAL OF DEFENDANTS MERCK & CO., INC. AND SCHERING-PLOUGH CORPORATION

PLEASE TAKE NOTICE that defendants, Merck & Co., Inc. ("Merck") and Schering-Plough Corporation ("Schering"), hereby remove this action, pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. §§ 1332, 1441 and 1446, from the Circuit Court of Pike County, Alabama to the United States District Court for the Middle District of Alabama, and respectfully state to this Court as follows:

1. This action involves allegations regarding the prescription drug VYTORIN®. There is litigation concerning VYTORIN throughout the United States. Plaintiffs in other class action cases have applied to the Judicial Panel on Multidistrict Litigation for an order transferring VYTORIN cases to a single district for coordinated or consolidated proceedings. Defendants have supported these applications and, upon the issuance of any such order, intend to seek the transfer of this action pursuant to 28 U.S.C. § 1407.

2. On January 26, 2008, plaintiff John D. Swindall commenced this putative class action against Merck and Schering by filing a complaint in the Circuit Court of Pike County, Alabama, Civil Action No. CV-2008-900010.00.

Swindall - Notice of Removal


EXHIBIT A

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453 because defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. The complaint was served on Merck on January 31, 2008, and on Schering on February 1, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. The Circuit Court of Pike County is located within the Middle District of Alabama. Therefore, venue is proper pursuant to 28 U.S.C. § 98(b) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. Defendants need not obtain the consent of any other party to remove this action.

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of this Court, clear and legible copies of all process, pleadings, and orders served upon the defendants, which papers include the summonses and complaints, are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Clerk of the Circuit Court of Pike County, Alabama.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND CAFA.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because it is a putative class action in which: (1) there are 100 or more members in the plaintiffs' proposed class; (2) some members of the proposed class have a different citizenship

2

from some defendants, and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate.

### A. Plaintiff's Proposed Class Consists of 100 or More Members.

10. In his complaint, plaintiff purports to represent a class "consisting of every individual and citizen of the State of Alabama, who at any point and time took the prescription drug known as 'VYTORYIN,' from the date of its release in 2004 through present." (Complaint ¶ 2.) "The exact number" of class members is "not known," but plaintiff estimates "that there are in excess of 50,000 members." (Complaint ¶ 3.) Accordingly, the requirement that the proposed class include more than 100 members is clearly met. *See* 28 U.S.C. § 1332(d).

### B. The Parties Are Diverse.

11. There is diversity of citizenship between plaintiffs and defendants as required by 28 U.S.C. § 1332(d)(2)(A), because at least one plaintiff or proposed class member "is a citizen of a State different from any defendant."

12. Plaintiff John D. Swindall is a resident and citizen of the State of Alabama, (Complaint ¶ 2), and does not allege any alternative state of residence. He purports to represent a class of individuals who are all citizens of the State of Alabama. (*Id.*) Accordingly, upon information and belief, Alabama is the state in which each plaintiff is domiciled, and therefore, the state of which each plaintiff is a citizen for purposes of determining diversity.

13. Merck is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

14. Schering is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at 2000 Galloping

3

Hill Road, Kenilworth, New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. The complaint also includes a number of fictitious defendants, but their citizenship is ignored for removal purposes 28 U.S.C. § 1441(a). Thus, there is complete diversity between plaintiffs and defendants.

### C. The Amount-In-Controversy Requirement Is Satisfied.

16. Plaintiff alleges that he " was previously prescribed the drug known as 'VYTORIN,' by his physician, he took the drug known as 'VYTORIN,' in the method and manner prescribed by his physician and the defendants, and thereafter, suffered from severe, debilitating and life-endangering difficulties, including heart disease, et al." (Complaint ¶ 9.) Plaintiff further alleges that all of the class members "have been injured and damaged in a manner almost identical to the injuries and damages suffered and sustained by plaintiff." (Complaint ¶ 10.)

17. Based on these and other allegations, plaintiff claims that defendants are liable for "negligence, wantonness, breach of contract, breach of warranty, product liability, strict liability, fraud, misrepresentation, deceit, suppression, battery, wrongful death, outrage and conspiracy, as the facts warrant and as the law may allow." (Complaint ¶ 11.)

18. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. 1332(d)(6). In the aggregate, the claims of plaintiff and the proposed class members meet this jurisdictional threshold.

19. As set forth above, plaintiff alleges that he and each member of the class suffered "severe, debilitating and life-endangering difficulties," including "heart disease," as a result of their ingestion of VYTORIN. (Complaint ¶ 9.) Plaintiff does not allege damages in a specified

4

amount, but given the size of the proposed class and the severity of the alleged injuries, it is readily deducible from the complaint that this action meets the jurisdictional threshold under CAFA. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction."); *Sanderson v. Daimler Chrysler Motor Corp.*, Civ. Action No. 07-0559-WS-B, 2007 WL 2988222 (S.D. Ala. 2007) ("Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied.").

20.  Because the claims of the putative class members are aggregated to determine the amount in controversy under CAFA, *see* 28 U.S.C. 1332(d)(6), even assuming a class of only 50,000 members, each member's claim would only have to seek $100 for the jurisdictional threshold to be satisfied. It is self-evident that claims for serious debilitating and life-endangering injuries, including heart disease, seek far more than $100 and that there is, therefore, no question that the complaint seeks more than $5,000,000 in relief on behalf of the proposed class in the aggregate.

21.  Indeed, Alabama juries in product liability cases routinely render verdicts for hundreds of thousands of dollars -- far in excess of $100 -- for personal injuries of a serious nature. *See* Exhibit B. The Alabama Supreme Court has upheld such verdicts. *See, e.g., Cessna Aircraft Co. v. Trzcinski*, 682 So. 2d 17 (Ala. 1996) (upholding an award of $3,000,000); *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236 (Ala. 1995) (upholding an award of $1,225,000); *Caterpillar Tractor Co. v. Ford*, 406 So. 2d 854 (Ala. 1981) (upholding an award of $500,000).

22.  CAFA's legislative history makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See,*

*e.g.*, S. Rep. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

### III.   EVEN APART FROM CAFA, REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

23.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court under 28 U.S.C. § 1441(b). The action is between citizens of different states and alleges claims that seek recovery in excess of $75,000, exclusive of interest and costs.

24.   Plaintiff Swindall is a citizen of the State of Alabama; Merck and Schering are each citizens of New Jersey. The Complaint also includes a number of fictitious defendants, whose citizenship is ignored for removal purposes 28 U.S.C. § 1441(a). Thus, there is complete diversity between plaintiffs and defendants.

25.   As stated above, the amount of recovery sought by each plaintiff exceeds $75,000, exclusive of interest and costs; and the jurisdictional threshold amount is satisfied. (*See* ¶ 21 and Ex. B.)

**WHEREFORE**, defendants respectfully remove this action from the Circuit Court of Pike County bearing Civil Action No. CV-2008-900010.00 to this Court pursuant to 28 U.S.C. § 1441.

Dated: February 21, 2008

Respectfully submitted,

_____
Robert C. Brock (ASB-5280-B61R)
Benjamin C. Wilson (ASB-1649-154B)
Alan T. Hargrove, Jr. (ASB-7018-H46A)
Attorneys for Defendants Merck & Co., Inc.
and Schering-Plough Corp.

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: 334-206-3100
Fax: (334) 263-4157
Email: rcb@rsjg.com
       bcw@rsjg.com
       ath@rsjg.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Richard E. Crum, Esq.
SHEALY, CRUM & PIKE, P.C.
Post Office Box 6346
Dothan, Alabama 36302
Telephone: (334) 677-3000
Facsimile: (334) 677-0030

_____
Of Counsel