**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN D. SWINDALL,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.:2:08-cv-00129-MHT-WC** |
| | * | |
| **MERCK & CO., INC., et al.,** | * | **Removed from the Circuit Court** |
| | * | **of Pike County, AL CV-08-900010** |
| **Defendant.** | * | |

---

**MOTION TO STAY AND FOR EXTENSION OF TIME TO**
**ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT AND**
**BRIEF ON BEHALF OF DEFENDANTS IN SUPPORT THEREOF**

---

## PRELIMINARY STATEMENT

This putative class action was electronically filed in the Circuit Court of Pike County, Alabama on January 22, 2008 and removed to this Court on February 21, 2008. The Plaintiff John D. Swindall seeks to represent a putative class that "consists of every individual and citizen of the State of Alabama, who at any point and time took the prescription drug known as 'VYTORIN,' from the date of its release in 2004 through present." Complaint ¶ 2. The Complaint alleges that Plaintiff took VYTORIN, "in the method and manner prescribed by his physician and the Defendants, and thereafter, suffered from severe, debilitating and life-endangering difficulties, including heart disease, et al." Id. ¶ 9. Based on these and other allegations, Plaintiff claims that the Defendants are liable for "negligence, wantonness, breach of contract, breach of warranty, product liability, strict liability, fraud, misrepresentation, deceit, suppression, battery, wrongful death, outrage, and conspiracy, as the facts warrant and as the law

may allow." Id. ¶ 11. This case is one of scores of class actions involving the prescription medicine VYTORIN filed around the country since January 15, 2008.

On March 27, 2008, the Judicial Panel on Multidistrict Litigation (the "Panel") will hold a hearing on the motions seeking centralization of such putative class actions pursuant to 28 U.S.C. § 1407. See Feb. 13, 1008 United States Judicial Panel on Multidistrict Litigation Hearing Session Order (attached hereto as Exhibit A).

In the interests of judicial economy, and to avoid any potential prejudice arising from the need to litigate similar issues in many different forums, the Defendants respectfully request that the Court enter an Order staying proceedings pending the decision of the Panel on centralization and transfer of the VYTORIN cases to a multidistrict litigation ("MDL") proceeding. The Defendants also request an extension of time within which to answer, move or otherwise respond to the Plaintiff's Complaint. Fed. R. Civ. P. 6(b)(1). Plaintiff's counsel, Richard E. Crum, of Shealy, Crum & Pike, P.C., has agreed to allow these Defendants additional time to respond to Plaintiff's Complaint.

## LEGAL ARGUMENT

### I.    THE COURT SHOULD STAY THIS ACTION PENDING A DECISION ON CENTRALIZATION AND TRANSFER

This Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to an MDL proceeding. The power to stay an action is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). When considering whether to grant a motion to stay pending possible transfer to an MDL proceeding, district courts generally consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is

2

not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. See Gonzales v. Gen. Motors Corp., No. C07-2580 (TEH), 2007 WL 2406871, at *1 (N.D. Cal. Aug. 20, 2007); see also Mathis v. Bristol-Myers Squibb, Co., No. Civ. A. 03-0308, 2003 WL 1193668, at *1 (E.D. La. Mar. 12, 2003).

As to the first issue – prejudice to the Plaintiff – the Plaintiff's counsel, Richard E. Crum, of Shealy, Crum & Pike, P.C., has agreed to stay this matter pending the decision of the Panel on centralization and transfer of the VYTORIN cases to a multidistrict litigation ("MDL") proceeding. This action is in its infancy, Plaintiff has expended limited resources to date, and no discovery has taken place. Any delay is likely to be relatively short. As discussed above, the Panel is set to consider the pending motions for centralization and transfer on March 27, 2008. Of the 17 motions that were the subject of the last Panel hearing on November 29, 2007, 13 (76%) were decided within a month and the remainder shortly thereafter.[1] Thus, Plaintiff will not suffer prejudice as a result of a stay.

---

[1] See In re Engle Progeny Tobacco Prods. Liab. Litig., MDL No. 1887, 2007 WL4480080 (J.P.M.L. Dec. 12. 2007); In re Best Buy Co., Inc., Restocking Fee Sales Practices Litig., MDL No. 1901, 2007 WL 4574055 (J.P.M.L. Dec. 14, 2007); In re Circuit City Stores, Inc., Restocking Fee Sales Practices Litig., MDL No. 1900, 2007 WL 4562910 (J.P.M.L. Dec. 14, 2007); In re Good Karma, LLC, IRS Summons Litig., MDL No. 1885, 2007 WL 4562909 (J.P.M.L. Dec. 14, 2007); In re Mattell, Inc., Toy Lead Paint Prods. Liab. Litig., MDL No. 1897, 2007 U.S. Dist. LEXIS 94717 (J.P.M.L. Dec. 18, 2007); In re Refined Petroleum Prods. Antitrust Litig., MDL No. 1886, 2007 WL 4615710 (J.P.M.L. Dec. 18, 2007); In re U.S. Foodservice, Inc., Pricing Litig., MDL No. 1894, 2007 U.S. Dist. LEXIS 94721 (J.P.M.L. Dec. 18, 2007); In re Am. Home Mortgage Sec. Litig., MDL No. 1898, 2007 WL 4615718 (J.P.M.L. Dec. 19, 2007); In re Korean Air Lines Co., Ltd., Antitrust Litig., MDL No. 1891, 2007 WL 4562897 (J.P.M.L. Dec. 19, 2007); In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig., MDL No. 1893, 2007 WL 4615697 (J.P.M.L. Dec. 19, 2007); In re LTL Shipping Servs. Antitrust Litig., MDL No. 1895, 2007 WL 4615785 (J.P.M.L. Dec. 20, 2007); In re Refco Sec. Litig., MDL No. 1902, 2007 WL 4615695 (J.P.M.L. Dec. 28, 2007); In re Peregrine Sys., Inc., Sec. Litig., MDL No. 1889, 2008 WL 151347 (J.P.M.L. Jan. 2, 2008); In re Gen. Motors Corp. Speedometer Prods. Liab. Litig., MDL No. 1896, 2008 WL 154610 (J.P.M.L. Jan. 3, 2008); In re KFC Corp. Fair Labor Standards Act Litig., MDL No. 1892, 2008 WL 160637 (J.P.M.L. Jan. 3, 2008); In re Se. Milk Antitrust

As for the second consideration – hardship and inequity to the moving party if the action is not stayed – there can be little doubt that the Defendants will be prejudiced if they are forced "to litigate similar issues in . . . many different forums." Conner v. AT&T, No. CV F 06-0632 (AWI DLB), 2006 WL 1817094, at *4 (E.D. Cal. June 30, 2006); see also Am. Seafood, Inc. v. Magnolia Processing, Inc., Civ.A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay.").

Finally, and perhaps most significantly, a stay pending the Panel decision will save judicial resources by avoiding litigation that may prove entirely duplicative. As the Conner court explained:

> During the time this action is awaiting a ruling from the Panel, the court may well be forced to decide whether to allow Plaintiffs to amend their complaint, address Defendants' . . . possible dismissal motions, and resolve potential discovery issues. . . . [I]f these actions are coordinated by the Panel, the MDL court hearing the coordinated cases will decide many of dismissal and discovery issues that this court may be asked to address in the next several months. A stay will better ensure uniform decisions on pretrial matters in these cases. A stay will also conserve judicial resources because only one court may need to make such rulings.

2006 WL 1817094, at *3-4; see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co., No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (noted in granting Defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

---

Litig., MDL No., 1899, 2008 WL 154608 (J.P.M.L. Jan. 7, 2008); In re Marine Hose Antitrust Litig. (No. II), No. MDL 1888, 2008 WL 194389 (J.P.M.L. Jan. 23, 2008).

## II.    THE COURT SHOULD GRANT AN EXTENSION OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT

In light of the pending motions for centralization and transfer to an MDL proceeding, the Defendants respectfully request that the time within which they may answer, move or otherwise respond to the Complaint be extended to either (a) a date to be set at the first scheduling conference after the Panel issues its decision (if the Court is inclined to grant a stay), or (b) thirty days from the date of the Court's resolution of this motion (if the Court is not so inclined). Given the avalanche of Complaints filed in district courts across the country in the last three weeks, and the very real possibility that these Complaints will become redundant if a Master Complaint is filed in the context of an MDL proceeding, the Defendants respectfully submit that judicial economy is best served by what will be a short extension of time.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court stay these proceedings pending a decision by the Judicial Panel on Multidistrict Litigation, and extend the time within which the Defendants may answer, move or otherwise respond to the Complaint.

Respectfully submitted,

*/s/Alan T. Hargrove, Jr.*
Robert C. Brock (ASB-5280-B61R)
Benjamin C. Wilson (ASB-1649-154B)
Alan T. Hargrove, Jr. (ASB-7018-H46A)

*Attorneys for Defendants Merck & Co., Inc. and Schering-Plough Corp.*

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: 334-206-3100
Fax: (334) 263-4157
Email: rcb@rsjg.com
      bcw@rsjg.com
      ath@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following counsel of record:

      Richard E. Crum, Esq.
      SHEALY, CRUM & PIKE, P.C.
      Post Office Box 6346
      Dothan, Alabama 36302
      Telephone: (334) 677-3000
      Facsimile: (334) 677-0030

                                                 */s/Alan T. Hargrove, Jr.*
                                                 Of Counsel

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

February 13, 2008

### NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          March 27, 2008

LOCATION OF HEARING SESSION:      Homer Thornberry Judicial Building
                                  District Courtroom #334, 3rd Floor
                                  903 San Jacinto Boulevard
                                  Austin, Texas 78701

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **March 10, 2008.** Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

cc: Clerk, U.S. District Court for the Western District of Texas



EXHIBIT

A

tabbies'

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**HEARING SESSION ORDER**


The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 27, 2008, the Panel will convene a hearing session in Austin, Texas, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.


PANEL ON MULTIDISTRICT LITIGATION:

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

SCHEDULE OF MATTERS FOR HEARING SESSION
March 27, 2008 -- Austin, Texas


**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**


MDL No. 1921 -- **IN RE: NISSAN NORTH AMERICA, INC., ODOMETER LITIGATION (NO. II)**

Motion of defendant Nissan North America, Inc., for centralization of the following actions in the United States District Court for the Middle District of Tennessee:

Central District of California

James Selth v. Nissan North America, Inc., et al., C.A. No. 2:07-7841

Northern District of California

Nkem Anadu v. Nissan North America, Inc., et al., C.A. No. 5:07-3801

Eastern District of Michigan

Darryl Hidalgo v. Nissan North America, Inc., et al., C.A. No. 2:07-15024

Eastern District of Pennsylvania

Michael D. Shaffer v. Nissan North America, Inc., C.A. No. 2:07-4794

Eastern District of Texas

Rebecca Womack v. Nissan North America, Inc., et al., C.A. No. 2:06-479

Schedule of Matters for Hearing Session, Section A                               p. 2
Austin, Texas


**MDL No. 1922 -- IN RE: BMW REVERSE TRANSMISSION PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Daniel J. Corbett and David Contino, et al., for centralization of the following actions in the United States District Court for the District of New Jersey:

District of Connecticut

Daniel J. Corbett v. BMW of North America, LLC, C.A. No. 3:07-1273

District of New Jersey

David Contino, et al. v. BMW of North America, LLC, C.A. No. 2:07-5755


**MDL No. 1923 -- IN RE: FEDEX EXPRESS WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**

Motion of plaintiffs Victor Merlo, et al., and Brendan Masterson, et al., for centralization of the following actions in the United States District Court for the Southern District of Florida or, in the alternative, the United States District Court for the Middle District of Pennsylvania:

Southern District of Florida

Ronald Clausnitzer, et al. v. Federal Express Corp., C.A. No. 1:06-21457

District of New Jersey

Victor Merlo, et al. v. FedEx Express, et al., C.A. No. 2:07-4311

Middle District of Pennsylvania

Brendan Masterson, et al. v. Federal Express Corp., et al., C.A. No. 3:07-2241

Schedule of Matters for Hearing Session, Section A                     p. 3
Austin, Texas

MDL No. 1924 -- **IN RE: ATOMOXETINE PATENT LITIGATION**

Motion of plaintiff Eli Lilly & Company for centralization of the following actions in the United States District Court for the District of New Jersey:

District of New Jersey

Eli Lilly & Co. v. Actavis Elizabeth, LLC, et al., C.A. No. 2:07-3770

Eastern District of Virginia

Eli Lilly & Co. v. Synthon Laboratories, Inc., C.A. No. 2:07-450

MDL No. 1925 -- **IN RE: AIR CRASH NEAR MEDAN, INDONESIA, ON SEPTEMBER 5, 2005**

Motion of defendant The Boeing Company for centralization of the following actions in the United States District Court for the Northern District of Illinois:

Central District of California

Willy Kusumo, et al. v. The Boeing Co., et al., C.A. No. 2:07-5738

Northern District of Illinois

Andre Adiputra, et al. v. The Boeing Co., et al., C.A. No. 1:07-250
Purbo Justy Antoro, et al. v. The Boeing Co., et al., C.A. No. 1:07-1387
Xu Kai Zu, et al. v. The Boeing Co., et al., C.A. No. 1:07-4845
Nurandini Adi, et al. v. The Boeing Co., et al., C.A. No. 1:07-4954

Western District of Washington

Indra Laksono, et al. v. The Boeing Co., et al., C.A. No. 2:07-1907

Schedule of Matters for Hearing Session, Section A                          p. 4
Austin, Texas


MDL No. 1926 -- **IN RE: HALFTONE COLOR SEPARATIONS ('809) PATENT
    LITIGATION**

Motion of plaintiffs Canon U.S.A., Inc., et al., for centralization of the following actions
in the United States District Court for the Western District of Washington or, in the alternative,
the United States District Court for the Central District of California:

Central District of California

Electronics For Imaging, Inc. v. Acacia Research Corp., et al., C.A. No. 8:07-1333

District of Delaware

Heidelberg USA, Inc. v. Screentone Systems Corp., et al., C.A. No. 1:07-601
Konica Minolta Business Solutions USA, Inc. v. Screentone Systems Corp., et al.,
    C.A. No. 1:07-602

Eastern District of Texas

Screentone Systems Corp. v. Canon U.S.A., Inc., et al., C.A. No. 2:07-340

Western District of Washington

Canon U.S.A., Inc., et al. v. Screentone Systems Corp., et al., C.A. No. 2:07-1544


MDL No. 1927 -- **IN RE: TEXAS ROADHOUSE FAIR AND ACCURATE CREDIT
    TRANSACTIONS ACT (FACTA) LITIGATION**

Motion of plaintiff Nichole M. Ehrheart for centralization of the following actions in the
United States District Court for the Northern District of Illinois:

Northern District of Illinois

Mario Aliano v. Texas Roadhouse Holdings, LLC, et al., C.A. No. 1:07-4108

Western District of Pennsylvania

Nichole M. Ehrheart v. Texas Roadhouse, Inc., C.A. No. 1:07-54

Schedule of Matters for Hearing Session, Section A                    p. 5
Austin, Texas

MDL No. 1928 -- **IN RE: TRASYLOL PRODUCTS LIABILITY LITIGATION**

Motion of defendants Bayer Corp., Bayer Pharmaceuticals Corp., Bayer HealthCare
LLC, Bayer AG, and Bayer HealthCare AG for centralization of the following actions in the
United States District Court for the District of Connecticut:

Northern District of Alabama

Bobbie S. Burnette, etc. v. Bayer Corp., et al., C.A. No. 7:07-2238

Central District of California

Sheila Ware v. Bayer Corp., et al., C.A. No. 5:07-1305

Northern District of California

Lupe De Leon, et al. v. Bayer Pharmaceuticals Corp., C.A. No. 3:07-6206
Samuel Nitzberg, et al. v. Bayer Corp., C.A. No. 4:07-4399

Southern District of California

Michael O'Connor v. Bayer Corp., et al., C.A. No. 3:07-633

Middle District of Florida

Deborah Bakan, etc. v. Bayer Corp., et al., C.A. No. 8:07-220
Melissa Morrill, etc. v. Bayer Pharmaceuticals Corp., et al., C.A. No. 8:07-819

Southern District of Florida

Ismael Rodriguez, et al. v. Bayer Corp., et al., C.A. No. 9:07-81172

Middle District of Georgia

Sherry L. Shaw, etc. v. Bayer Healthcare, et al., C.A. No. 4:07-176

Northern District of Georgia

David E. Wease, et al. v. Bayer Corp., et al., C.A. No. 1:07-1659

Schedule of Matters for Hearing Session, Section A                    p. 6
Austin, Texas

MDL No. 1928 (Continued)

### Northern District of Illinois

Thomas W. Durkin, etc. v. Bayer Corp., et al., C.A. No. 1:07-7162

### Western District of Louisiana

Evelyn Moreaux Reider, et al. v. Bayer Corp., et al., C.A. No. 2:07-1688

### Southern District of Mississippi

Jonnie Sessums, etc. v. Bayer AG, et al., C.A. No. 3:07-436

### Middle District of Tennessee

Ada M. Williams v. Bayer Corp., et al., C.A. No. 1:07-4
Linda L. Davis v. Bayer Corp., et al., C.A. No. 3:07-115

### Southern District of Texas

Kenneth L. Lanham v. Bayer Corp., et al., C.A. No. 4:07-1687
Vance Pesl, etc. v. Bayer Corp., et al., C.A. No. 4:07-2819

### Northern District of West Virginia

Crystal Fast, etc. v. Bayer Corp., et al., C.A. No. 5:07-82

## MDL No. 1929 -- IN RE: SONY 1080P RESOLUTION TELEVISION MARKETING AND SALES PRACTICES LITIGATION

Motion of plaintiffs Jason Demas, et al., for centralization of the following actions in the United States District Court for the Southern District of California:

### Central District of California

Elliot Handler v. Sony Electronics, Inc., C.A. No. 2:07-5212

Schedule of Matters for Hearing Session, Section A                    p. 7
Austin, Texas

MDL No. 1929 (Continued)


### Southern District of California

Jason Demas, et al. v. Sony Electronics, Inc., C.A. No. 3:07-2126

### Eastern District of Michigan

David Date, Jr. v. Sony Electronics, Inc., et al., C.A. No. 2:07-15474


## MDL No. 1930 -- IN RE: WELLS FARGO MORTGAGE LENDING PRACTICES LITIGATION

Motion of defendant Wells Fargo Bank, N.A., for centralization of the following actions in the United States District Court for the Northern District of Illinois or, in the alternative, the United States District Court for the Southern District of Iowa or other federal district court:

### Central District of California

Juan Rodriguez, et al. v. Wells Fargo Bank, N.A., C.A. No. 2:07-6780

### Northern District of California

Nancy Jeffries, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 3:07-3880
Gilbert Ventura, Sr., et al. v. Wells Fargo Bank, N.A., C.A. No. 3:07-4309

### Northern District of Illinois

Judy Williams v. Wells Fargo Bank, N.A., C.A. No. 1:07-6342

Schedule of Matters for Hearing Session, Section A                    p. 8
Austin, Texas


MDL No. 1931 -- **IN RE: VIRGIN MOBILE INITIAL PUBLIC OFFERING (IPO)
SECURITIES LITIGATION**

Motion of defendants Virgin Mobile USA, Inc.; Daniel H. Schulman; Jonathan
Marchbank; John D. Feehan, Jr.; Frances Brandon-Farrow; Douglas B. Lynn; Mark Poole;
Robert Samuelson; L. Kevin Cox; Thomas O. Ryder; Kenneth T. Stevens; Sprint Nextel Corp.;
and Corvina Holdings, Ltd., for centralization of the following actions in the United States
District Court for the Southern District of New York:

District of New Jersey

Michael Volpe v. Daniel H. Schulman, et al., C.A. No. 2:07-5619

Southern District of New York

Ellen Brodsky v. Virgin Mobile USA, Inc., et al., C.A. No. 1:07-10589
Roger Joseph, Jr. v. Virgin Mobile USA, Inc., et al., C.A. No. 1:07-11060
2 West, Inc. v. Virgin Mobile USA, Inc., et al., C.A. No. 1:07-11625


MDL No. 1932 -- **IN RE: FAMILY DOLLAR STORES, INC., WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION**

Motion of plaintiffs Luana Scott; Irene Grace, et al.; Shawn Eric Ward, et al.; Melanie
Blake, et al.; and Pamela Fowler, et al., for centralization of the following actions in the United
States District Court for the Northern District of Alabama:

Northern District of Alabama

Luana Scott v. Family Dollar Stores, Inc., C.A. No. 7:08-16

Middle District of Florida

Doris Moody v. Family Dollar Stores, Inc., C.A. No. 8:08-8

Western District of North Carolina

Irene Grace, et al. v. Family Dollar Stores, Inc., C.A. No. 3:06-306
Shawn Eric Ward, et al. v. Family Dollar Stores, Inc., C.A. No. 3:06-441
Melanie Blake, et al. v. Family Dollar Stores, Inc., et al., C.A. No. 3:07-244

Schedule of Matters for Hearing Session, Section A                          p. 9
Austin, Texas


MDL No. 1932 (Continued)


<u>Western District of North Carolina</u> (Continued)

Pamela Fowler, et al. v. Family Dollar Stores, Inc., et al., C.A. No. 3:07-316
Lashanda Slater, et al. v. Family Dollar Stores, Inc., C.A. No. 3:07-501

<u>Middle District of Tennessee</u>

Sheri Toms v. Family Dollar Stores, Inc., et al., C.A. No. 3:07-1277

<u>Eastern District of Texas</u>

Betty S. McCarty, et al. v. Family Dollar Stores, Inc., C.A. No. 5:07-194


MDL No. 1933 -- **IN RE: MERRILL LYNCH & CO., INC., SECURITIES, DERIVATIVE
& "ERISA" LITIGATION**

Motion of defendant Merrill Lynch & Co., Inc., for centralization of the following
actions in the United States District Court for the Southern District of New York:

<u>District of New Jersey</u>

David Eidman, etc. v. E. Stanley O'Neal, et al., C.A. No. 2:08-126

<u>Southern District of New York</u>

Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-9633
Patricia Arthur, etc. v. E. Stanley O'Neal, et al., C.A. No. 1:07-9696
Michael J. Savena v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-9837
Miriam Loveman, etc. v. E. Stanley O'Neal, et al., C.A. No. 1:07-9888
Elizabeth Estey v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10268
Mary Gidaro v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10273
Tara Moore v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10398
Gregory Yashgur v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10569
Christine Donlon v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10661

Schedule of Matters for Hearing Session, Section A                    p. 10
Austin, Texas


MDL No. 1933 (Continued)


<u>Southern District of New York</u> (Continued)

Carl Esposito v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10687
Sean Shaughnessey, etc. v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10710
Gary Kosseff v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10984
Barbara Boland, et al. v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11054
Robert R. Garber v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11080
Operative Plasterers & Cement Masons Local 262 Pension & Annuity Funds, etc. v. E.
   Stanley O'Neal, et al., C.A. No. 1:07-11085
Francis Lee Summers, III v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11615
James Conn v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11626
James Eastman v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:08-58


MDL No. 1934 -- **IN RE: EPOGEN AND ARANESP OFF-LABEL MARKETING AND
          SALES PRACTICES LITIGATION**

Motion of plaintiff United Food & Commercial Workers Central Pennsylvania and
Regional Health & Welfare Fund for centralization of the following actions in the United States
District Court for the Northern District of Illinois:


<u>Central District of California</u>

Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funds, et
   al. v. Amgen, Inc., C.A. No. 2:07-5157
Sheet Metal Workers National Health Fund, et al. v. Amgen, Inc., et al.,
   C.A. No. 2:07-5620


<u>Northern District of Illinois</u>

Painters District Council No. 30 Health & Welfare Fund v. Amgen, Inc.,
   C.A. No. 1:07-6628


<u>Eastern District of Michigan</u>

Linda A. Watters v. Amgen, Inc., C.A. No. 4:07-15354

Schedule of Matters for Hearing Session, Section A                    p. 11
Austin, Texas


MDL No. 1934 (Continued)


### Middle District of Pennsylvania

United Food & Commercial Workers Central Pennsylvania & Regional Health & Welfare     Fund v. Amgen, Inc., C.A. No. 4:07-2125


## MDL No. 1935 -- IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION

Motion of plaintiff Michael McNamara for centralization of certain of the following actions in the United States District Court for the Middle District of Pennsylvania or, in the alternative, the United States District Court for the Eastern District of Pennsylvania; motion of plaintiffs CNS Confectionery Products, LLC, et al., and Stephen Snow, et al., for centralization of certain of the following actions in the United States District Court for the District of New Jersey; motion of plaintiffs Katherine Woodman and Glenn Coffey for centralization of certain of the following actions in the United States District Court for the Middle District of Pennsylvania; and motion of plaintiff Mandel Tobacco Co., Inc., for centralization of the following actions in the United States District Court for the Middle District of Pennsylvania:

### Northern District of California

Scott Lamson v. The Hershey Co., et al., C.A. No. 3:08-153

### Eastern District of Michigan

International Wholesale, Inc. v. The Hershey Co., et al., C.A. No. 2:08-10215
United Wholesale v. The Hershey Co., et al., C.A. No. 2:08-10275
United Customs Distribution v. The Hershey Co., et al., C.A. No. 5:08-10276

### District of New Jersey

CNS Confectionery Products, LLC, et al. v. The Hershey Co., et. al., C.A. No. 2:07-6088
Akisa Matsuda v. The Hershey Co., et al., C.A. No. 2:08-191
Eric Lense v. The Hershey Co., et al., C.A. No. 2:08-192
Diane Chiger v. The Hershey Co., et al., C.A. No. 2:08-195
Stephen Snow, et al. v. The Hershey Co., et al., C.A. No. 2:08-199

Schedule of Matters for Hearing Session, Section A                    p. 12
Austin, Texas

MDL No. 1935 (Continued)


### Southern District of New York

Webb's Candies, Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08-382

### Eastern District of Pennsylvania

Stephen L. LaFrance Pharmacy, Inc., etc. v. The Hershey Co., et al., C.A. No. 2:08-109
Richard Miller, et al. v. The Hershey Co., et al., C.A. No. 2:08-198
Western Skier, Ltd. v. The Hershey Co., et al., C.A. No. 2:08-205
Michael W. DeMarshall v. The Hershey Co., et al., C.A. No. 2:08-253

### Middle District of Pennsylvania

Michael McNamara v. Cadbury Schweppes, PLC, et al., C.A. No. 1:07-2335
Katherine Woodman v. The Hershey Co., et al., C.A. No. 1:07-2336
Glenn Coffey, etc. v. The Hershey Co., et al., C.A. No. 1:08-84
The Lorain Novelty Co., Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08-101
 Mandel Tobacco Co., Inc. v. The Hershey Co., et al., C.A. No. 1:08-122

### Eastern District of Virginia

STLE Corp. v. The Hershey Co., et al., C.A. No. 1:08-19


## MDL No. 1936 -- IN RE: TRAIN DERAILMENT NEAR TYRONE, OKLAHOMA, ON APRIL 21, 2005

Motion of Kawasaki Kisen Kaisha, Ltd., and K-Line America, Inc., for centralization of the following actions in the United States District Court for the Southern District of New York:

### Northern District of Illinois

Kawasaki Kisen Kaisha, Ltd., et al. v. CMT International, Inc., et al., C.A. No. 1:07-5675

Schedule of Matters for Hearing Session, Section A                     p. 13
Austin, Texas


MDL No. 1936 (Continued)


      <u>Southern District of New York</u>

    Indemnity Insurance Co. of North America v. K-Line America, Inc., et al.,
      C.A. No. 1:06-615
    Royal & Sun Alliance Insurance PLC v. K-Line America, Inc., et al., C.A. No. 1:06-2557

    Mitsui Sumitomo Insurance Co., Ltd., et al. v. K-Line America, Inc., et al.,
      C.A. No. 1:06-2956
    Phillips PC Peripherals, et al. v. M/V Chang Jiang Bridge, et al., C.A. No. 1:06-2962
    Federal Insurance Co. v. K-Line America, Inc., et al., C.A. No. 1:06-3038
    ACK Controls, Inc. v. K-Line America, Inc., et al., C.A. No. 1:06-3040
    Navigators Management Co., etc. v. Union Pacific Railroad Co., et al.,
      C.A. No. 1:06-3042
    Tokio Marine & Nichido Fire Insurance Co., Ltd., et al. v. Kawasaki Kisen Kaisha, Ltd.,
      et al., C.A. No. 1:06-5159


MDL No. 1937 -- **IN RE: UNITED STATES POSTAL SERVICE PRIVACY ACT
      LITIGATION**

    Motion of defendant United States Postal Service for centralization of the following
actions in the United States District Court for the District of District of Columbia:

      <u>Northern District of Illinois</u>

    Janet Diggins v. United States Postal Service, C.A. No. 1:07-4623

      <u>Western District of Washington</u>

    Lance McDermott, et al. v. United States Postal Service, C.A. No. 2:07-1174

MDL No. 1938 -- **IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff RoseAnn S. Flores for centralization of certain of the following
actions in the United States District Court for the Eastern District of Louisiana or, in the
alternative, the United States District Court for the Northern District of Ohio; motions of
plaintiffs Rita Polk; Jay Klitzner; Sandra Weiss; Lionel Galperin; Charles D. Maurer, et al.; Ken
W. Bever; David DeAngelis; Ciro Verdi, et al.; and Marilyn Woodman for centralization of
certain of the following actions in the United States District Court for the District of New Jersey;
and motion of plaintiffs ASEA/AFSCME Local 52 Health Benefits Trust, et al., for
centralization of certain of the following actions in a single United States district court:

Eastern District of California

George Artenstein v. Merck & Co., Inc., et al., C.A. No. 2:08-152

Northern District of California

Helen Aronis v. Merck & Co., Inc., et al., C.A. No. 3:08-352
Richard Haskin v. Merck & Co., Inc., et al., C.A. No. 3:08-376
ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Merck & Co., Inc., et al.,
    C.A. No. 3:08-531

District of Colorado

Ronna Dee Kitsmiller v. Merck & Co., Inc., et al., C.A. No. 1:08-120

Middle District of Florida

Marion J. Greene v. Merck & Co., Inc., et al., C.A. No. 3:08-69

Southern District of Florida

Sam A. Ciotti v. Merck & Co., Inc., et al., C.A. No. 0:08-60077

District of Kansas

Charles Swanson, et al. v. Merck & Co., Inc., et al., C.A. No. 2:08-2040
John P. Dudley v. Merck & Co., Inc., et al., C.A. No. 6:08-1027

Schedule of Matters for Hearing Session, Section A                    p. 15
Austin, Texas


MDL No. 1938 (Continued)


### Eastern District of Louisiana

RoseAnn S. Flores v. Merck & Co., Inc., et al., C.A. No. 2:08-674

### District of Minnesota

Jody Fischer v. Merck & Co., Inc., et al., C.A. No. 0:08-203

### Northern District of Mississippi

Susan McCulley v. Merck & Co., Inc., et al., C.A. No. 2:08-16
Lisa Mims v. Merck & Co., Inc., et al., C.A. No. 4:08-10

### District of New Jersey

Rita Polk v. Schering-Plough Corp., et al., C.A. No. 2:08-285
Jay Klitzner v. Schering-Plough Corp., et al., C.A. No. 2:08-316
Sandra Weiss v. Schering-Plough Corp., et al., C.A. No. 2:08-320
Lionel Galperin v. Merck & Co., Inc., et al., C.A. No. 2:08-349
Robert J. McGarry v. Merck & Co., Inc., et al., C.A. No. 2:08-350
Charles D. Maurer, et al. v. Schering-Plough Corp., et al., C.A. No. 2:08-393
Daniel A. Brown v. Merck & Co., Inc., et al., C.A. No. 2:08-395
Steven Knight v. Merck & Co., Inc., et al., C.A. No. 2:08-396
Ken W. Bever v. Schering-Plough Corp., et al., C.A. No. 2:08-430
David DeAngelis v. Schering-Plough Corp., et al., C.A. No. 2:08-431
Ciro Verdi, et al. v. Schering-Plough Corp., et al., C.A. No. 2:08-432
Marilyn Woodman v. Schering-Plough Corp., et al., C.A. No. 2:08-437

### Eastern District of New York

Sigmond Tomaszewski v. Merck & Co., Inc., et al., C.A. No. 1:08-258

### Southern District of New York

Joyce B. Rheingold, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08-438
Stanley Levy, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08-491

Schedule of Matters for Hearing Session, Section A                    p. 16
Austin, Texas


MDL No. 1938 (Continued)


#### Northern District of Ohio

Theodore Sahley v. Merck & Co., Inc., et al., C.A. No. 1:08-153
Panayiotis Balaouras v. Merck & Co., Inc., et al., C.A. No. 1:08-198

#### Southern District of Ohio

Dennis Kean v. Merck & Co., Inc., et al., C.A. No. 2:08-61

#### Eastern District of Pennsylvania

Fred Singer v. Merck & Co., Inc., et al., C.A. No. 2:08-331

#### District of Puerto Rico

Alexis Alicea-Figueroa, et al. v. Merck & Co., Inc., et al., C.A. No. 3:08-1099


## MDL No. 1939 -- IN RE: OILILY FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION

Motion of plaintiff Melanie A. Klingensmith for centralization of the following actions in the United States District Court for the Northern District of California:

#### Northern District of California

Elizabeth McCoy v. Oilily B.V., et al., C.A. No. 3:07-4780

#### Eastern District of Pennsylvania

Melanie A. Klingensmith v. Oilily Retail USA, C.A. No. 2:07-4321

Schedule of Matters for Hearing Session, Section A                    p. 17
Austin, Texas

MDL No. 1940 -- **IN RE: AQUA DOTS PRODUCTS LIABILITY LITIGATION**

Motion of defendants Spin Master, Ltd., and Spin Master, Inc., for centralization of the following actions in the United States District Court for the Northern District of Illinois or, in the alternative, the United States District Court for the Eastern District of Arkansas:

<u>Eastern District of Arkansas</u>

Donald C. Erbach, Jr., et al. v. Spin Master, Ltd., et al., C.A. No. 4:07-1112

<u>Central District of California</u>

Kim A. Cosgrove v. Spin Master, Ltd., et al., C.A. No. 2:07-7544
Sandra Irene Soderstedt v. Moose Enterprise Pty Ltd., et al., C.A. No. 2:07-7546

<u>Southern District of Florida</u>

Simon Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al., C.A. No. 1:07-22941

<u>Northern District of Illinois</u>

Robyn Williams v. Spin Master, Ltd., C.A. No. 1:07-6387

<u>Western District of Missouri</u>

Michael J. Burgess v. Spin Master, Ltd., C.A. No. 3:07-5110

<u>Northern District of Texas</u>

Eric K. Botsch v. Spin Master, Inc., et al., C.A. No. 3:07-1948

Schedule of Matters for Hearing Session, Section B                              p. 18
Austin, Texas

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 875 -- **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Oppositions of plaintiffs Laura Contois, etc.; Mary Ellen Harris, etc.; Warren W. Sether, et al.; Harold Hendley, et al.; Michael J. McCurdy, et al.; Dorothy Boyd, etc.; Ruth Shamir, etc.; Claude E. Newman; and Eugene F. Booth to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

District of Connecticut

Laura Contois, etc. v. Able Industries, Inc., et al., C.A. No. 3:07-1328

Northern District of Illinois

Mary Ellen Harris, etc. v. Rapid-American Corp., et al., C.A. No. 1:07-6055

Southern District of Illinois

Warren W. Sether, et al. v. AGCO Corp., et al., C.A. No. 3:07-809

Western District of Kentucky

Harold Hendley, et al. v. American Standard, Inc., et al., C.A. No. 5:07-208

District of Maryland

Michael J. McCurdy, et al. v. John Crane-Houdaille, Inc., et al., C.A. No. 1:07-2681
Dorothy Boyd, etc. v. MCIC, Inc., et al., C.A. No. 1:07-3311

District of New Jersey

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., C.A. No. 2:07-4185

Schedule of Matters for Hearing Session, Section B                          p. 19
Austin, Texas


MDL No. 875 (Continued)


### District of Oregon

Claude E. Newman v. Crown Cork & Seal Co., Inc., et al., C.A. No. 3:07-1533
Eugene F. Booth v. ArvinMeritor, Inc., et al., C.A. No. 3:07-1544


Oppositions of defendants AstenJohnson, Inc., and Eaton Corp., to remand, under 28
U.S.C. § 1407(a), of their respective following actions to their respective transferor courts:

### Eastern District of Pennsylvania

Diana Wheeler McCarthy, et al. v. Asten Johnson, Inc., et al., (C.D. California,
  C.A. No. 2:03-3046)
Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al., (E.D. Louisiana,
  C.A. No. 2:05-5221)


## MDL No. 1373 -- IN RE: BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS
## LIABILITY LITIGATION

Opposition of plaintiffs Starr F. Traylor and Ruby Yarbrough, et al., to transfer of their
respective following actions to the United States District Court for the Southern District of
Indiana:

### Eastern District of Missouri

Starr F. Traylor v. Ford Motor Co., et al., C.A. No. 1:07-166
Ruby Yarbrough, et al. v. Ford Motor Co., et al., C.A. No. 1:07-167

Schedule of Matters for Hearing Session, Section B                    p. 20
Austin, Texas


MDL No. 1431 -- **IN RE: BAYCOL PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Mark Stodghill, etc., to transfer of the following action to the United States District Court for the District of Minnesota:

Eastern District of Pennsylvania

Mark Stodghill, etc. v. Bayer AG, et al., C.A. No. 2:07-5501


MDL No. 1456 -- **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION**

Oppositions of plaintiff State of Utah to transfer of the following actions to the United States District Court for the District of Massachusetts:

District of Utah

State of Utah v. Actavis US, Inc., et al., C.A. No. 2:07-870
State of Utah v. Abbott Laboratories, et al., C.A. No. 2:07-899


MDL No. 1507 -- **IN RE: PREMPRO PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Minnie Louise Gray, et al., and defendant Wyeth; Wyeth Pharmaceuticals, Inc.; Wyeth-Ayerst International, Inc.; Wyeth Pharmaceuticals; and Wyeth, Inc., to transfer of their respective following actions to the United States District Court for the Eastern District of Arkansas:

Southern District of Illinois

Minnie Louise Gray, et al. v. Wyeth, et al., C.A. No. 3:07-799

District of Minnesota

Garciana Manalo, et al. v. Wyeth, et al., C.A. No. 0:07-4557
Carol J. Hess v. Wyeth, Inc., C.A. No. 0:07-4567

Schedule of Matters for Hearing Session, Section B                    p. 21
Austin, Texas

MDL No. 1596 -- **IN RE: ZYPREXA PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Greg Bounds to transfer of the following action to the United States District Court for the Eastern District of New York:

Southern District of Mississippi

Greg Bounds v. Pine Belt Mental Health Care Resources, et al., C.A. No. 2:07-356

MDL No. 1603 -- **IN RE: OXYCONTIN ANTITRUST LITIGATION**

Opposition of plaintiffs Commonwealth of Kentucky, et al., to transfer of the following action to the United States District Court for the Southern District of New York:

Eastern District of Kentucky

Commonwealth of Kentucky, et al. v. Purdue Pharma, L.P., et al., C.A. No. 7:07-222

MDL No. 1649 -- **IN RE: HELICOPTER CRASH NEAR WENDLE CREEK, BRITISH COLUMBIA, ON AUGUST 8, 2002**

Opposition of defendant Croman Corp. to transfer of the following action to the United States District Court for the District of Connecticut:

District of Oregon

Sikorsky Aircraft Corp., et al. v. Croman Corp., C.A. No. 3:07-1483

MDL No. 1657 -- **IN RE: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Erie County, New York, to transfer of the following action to the United States District Court for the Eastern District of Louisiana:

District of New Jersey

Erie County, New York v. Merck & Co., Inc., C.A. No. 1:07-5517

Schedule of Matters for Hearing Session, Section B                              p. 22
Austin, Texas


MDL No. 1708 -- **IN RE: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS
PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Judith Maher to transfer of the following action to the United
States District Court for the District of Minnesota:

Northern District of Illinois

Judith Maher v. Guidant Corp., et al., C.A. No. 1:07-6561


MDL No. 1715 -- **IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING
PRACTICES LITIGATION**

Oppositions of plaintiffs Eldora Moore and Phyllis A. Hollis, et al., to transfer of their
respective following actions to the United States District Court for the Northern District of
Illinois:

Eastern District of Michigan

Eldora Moore v. Ameriquest Mortgage Co., et al., C.A. No. 2:07-14498

District of New Jersey

Phyllis A. Hollis, et al. v. Ameriquest Mortgage Co., et al., Bky. Advy. No. 3:07-2615


MDL No. 1718 -- **IN RE: FORD MOTOR CO. SPEED CONTROL DEACTIVATION
SWITCH PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Terry R. Hamlin, et al., and Rudolpho Reyes, et al., to transfer
of their respective following actions to the United States District Court for the Eastern District of
Michigan:

Eastern District of Oklahoma

Terry R. Hamlin, et al. v. Ford Motor Co., et al., C.A. No. 6:07-372

Western District of Texas

Rudolpho Reyes, et al. v. Autos Etc., Ltd., et al., C.A. No. 6:07-352

Schedule of Matters for Hearing Session, Section B                                p. 23
Austin, Texas

MDL No. 1726 -- **IN RE: MEDTRONIC, INC., IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION**

    Oppositions of plaintiff Reginald Witcher, etc., and defendants Medtronic USA, Inc., and Medtronic, Inc., to transfer of the respective following actions to the United States District Court for the District of Minnesota:

        Middle District of Alabama

    Reginald Witcher, etc. v. Medtronic, Inc., C.A. No. 2:07-989

        District of Nebraska

    Nancy McGinley, etc. v. Medtronic USA, Inc., et al., C.A. No. 8:07-424

MDL No. 1769 -- **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**

    Motion of defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to transfer the following actions to the United States District Court for the Middle District of Florida:

        Southern District of Indiana

    Mabel M. Hensley, etc. v. Astra Pharmaceuticals, L.P., et al., C.A. No. 1:07-596

        Northern District of Texas

    Pedro Garza, Jr., etc. v. AstraZeneca Pharmaceuticals, LP, C.A. No. 3:07-1987

MDL No. 1811 -- **IN RE: GENETICALLY MODIFIED RICE LITIGATION**

    Opposition of plaintiff Rickmers Reismuehle GmbH to transfer of the following actions to the United States District Court for the Eastern District of Missouri:

        Eastern District of Arkansas

    Rickmers Reismuehle GmbH v. Producers Rice Mill, Inc., C.A. No. 4:07-732
    Rickmers Reismuehle GmbH v. Riceland Foods, Inc., C.A. No. 4:07-733

Schedule of Matters for Hearing Session, Section B                                p. 24
Austin, Texas

MDL No. 1845 -- **IN RE: CONAGRA PEANUT BUTTER PRODUCTS LIABILITY
LITIGATION**

   Oppositions of plaintiffs Tina Walker, et al., and Amanda Wyatt to transfer of their
respective following actions to the United States District Court for the Northern District of
Georgia:

          Central District of California

      Tina Walker, et al. v. ConAgra Foods, Inc., et al., C.A. No. 5:07-1423

          Eastern District of Missouri

      Amanda Wyatt v. ConAgra Foods, Inc., C.A. No. 4:07-2064

MDL No. 1850 -- **IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION**

   Oppositions of plaintiffs Winston David Snell, et al., and defendant Natural Balance Pet
Foods, Inc., to transfer of the following action to the United States District Court for the District
of New Jersey:

          Southern District of Texas

      Winston David Snell, et al. v. Dick Van Patten's Natural Balance Pet Foods, Inc., et al.,
      C.A. No. 6:07-66

MDL No. 1871 -- **IN RE: AVANDIA MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**

   Oppositions of plaintiffs Leslie Boone; Dorothy Bone, et al.; James Hall; James
Jefferson; George Fisher; Hector Thornton; Ivan Upshaw; Rose Hefner, et al.; and Richard
Bowles, et al., to transfer of their respective following actions to the United States District Court
for the Eastern District of Pennsylvania:

          Central District of California

      Leslie Boone v. GlaxoSmithKline Corp., et al., C.A. No. 2:07-7699

Schedule of Matters for Hearing Session, Section B                                    p. 25
Austin, Texas


MDL No. 1871 (Continued)


     <u>Northern District of California</u>

    Dorothy Bone, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5886
    James Hall v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5887
    James Jefferson v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5888
    George Fisher v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5889
    Hector Thornton v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5890
    Ivan Upshaw v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5891
    Rose Hefner, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6050
    Richard Bowles, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6328


MDL No. 1877 -- **IN RE: CLASSICSTAR MARE LEASE LITIGATION**

    Opposition of plaintiff Gunshy Thoroughbreds, LLC, to transfer of the following action
to the United States District Court for the Eastern District of Kentucky:

     <u>Eastern District of Michigan</u>

    Gunshy Thoroughbreds, LLC v. GeoStar Corp., C.A. No. 1:07-15266

PROCEDURES FOR ORAL ARGUMENT BEFORE THE
UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

All oral argument is governed by the provisions of Rule 16.1 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u> (effective April 2, 2001). Rule 16.1(g) allows a maximum of twenty minutes for oral argument in each matter. In most cases, however, less time is necessary for the expression of all views and the Panel reserves the prerogative of reducing the time requested by counsel. Accordingly, counsel should be careful not to overstate the time requested for oral argument.

The Panel insists that counsel limit all oral argument to the appropriate criteria. <u>See generally In re "East of the Rockies" Concrete Pipe Antitrust Cases</u>, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969) (concurring opinion) (discussion concerning criteria for transfer).

Rule 16.1 is duplicated in its entirety hereafter for your convenience.

RULE 16.1:    HEARING SESSIONS AND ORAL ARGUMENT

(a)    Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)    Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)    No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

(i)    the dispositive issue(s) have been authoritatively decided; or
(ii)    the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)    In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised. If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules. Failure to do so shall be deemed a waiver of oral argument by that party. If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)    Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)    Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)    Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter. The time shall be divided equally among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

- 2 -

(h)    So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)    After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.