IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOHN D. SWINDALL,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.:2:08-cv-00129-MHT-WC |
| | * | |
| **MERCK & CO., INC.,** *et al.*, | * | |
| | * | |
| Defendant. | * | |

**NOTICE REGARDING DECISION BY**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In accordance with the Court's prior Order, Defendants hereby advise the Court that the Judicial Panel on Multidistrict Litigation ("Panel") ruled on the pending motions for centralization and transfer in In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1938. The Panel decided that the 33 actions which were the subject of the motion should be centralized and transferred to the United States District Court for the District of New Jersey. A copy of the Panel Order is attached to this Notice as Exhibit 1.

The Panel also indicated that other cases involving Vytorin and Zetia will be treated as potential tag-along actions pursuant to Panel Rules 7.4 and 7.5. Order at n.3. Those rules provide that the panel may issue a conditional transfer order which, unless

13155238.1

objected to by the Plaintiff within 15 days, will become effective. If the Plaintiff does object, then the issue of transfer will be scheduled for the next Panel hearing.

This case has already been designated by the Defendants as a potential tag-along action. The panel has advised Defendants that a conditional transfer order—which will include this action—will be issued within a week.

Dated: April 11, 2008         Respectfully submitted,

<div style="text-align:right">

Ben C. Wilson
Bar No.: asb-1649-i54b
One of the Attorneys for Defendant
Merck & Co., Inc.

</div>

OF COUNSEL:
Robert C. "Mike" Brock
Ben C. Wilson
Alan T. Hargrove, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
rcb@rsjg.com
bcw@rsjg.com
ath@rsjg.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Richard E. Crum
SHEALY, CRUM, & PIKE, P.C.
Post Office Box 6346
Dothan, Alabama 36302
Telephone:  (334) 677-3000
Facsimile:   (334) 677-0030
*Attorney for Plaintiff*

                                                Ben C. Wilson
                                                OF COUNSEL

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

IN RE: VYTORIN/ZETIA MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION                                                                                    MDL No. 1938

**TRANSFER ORDER**

      **Before the entire Panel**[*]: Plaintiffs in eleven actions have submitted five motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of 33 actions. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Northern District of California, the District of Colorado, the Middle District of Florida, the Eastern District of Louisiana, the District of Minnesota, the Southern District of Mississippi, the Eastern or Western District of Missouri, the District of New Jersey, the Southern District of New York, or the Northern District of Ohio. Responding defendants[2] support centralization in the District of New Jersey.

      This litigation currently consists of 33 actions listed on Schedule A and pending in seventeen districts as follows: twelve actions in the District of New Jersey, three actions in the Northern District of California, two actions each in the District of Kansas, the Northern District of Mississippi, the Southern District of New York, and the Northern District of Ohio, and one action each in the Eastern District of California, the District of Colorado, the Middle District of Florida, the Southern District of Florida, the Eastern District of Louisiana, the District of Minnesota, the Eastern District of New York, the Southern District of Ohio, the Eastern District of Pennsylvania, and the District of Puerto Rico.[3]

---

[*] Judges Heyburn, Motz and Scirica did not participate in the disposition of this matter.

[1] Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

[2] Merck/Schering-Plough Pharmaceuticals; Merck & Co., Inc. (Merck); Schering-Plough Corp. (Schering-Plough); Schering Corp.; Schering-Plough Biopharma; Schering-Plough Healthcare Products, Inc.; Schering-Plough Healthcare Products Sales Corp.; Merck Sharp & Dohme (Italia) S.P.A.; MSP Singapore Co., LLC; and MSP Technology Singapore PTE, Ltd.

[3] In addition to the 33 actions now before the Panel, the parties have notified the Panel of 67 related actions pending in various districts across the country. These actions and any other related actions

Exhibit 1

-2-

On the basis of the papers filed and hearing session held, we find that these 33 actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning allegations relating to the use and/or marketing of the drugs Vytorin and/or Zetia. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to certification of class actions; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. Because Merck and Schering-Plough have their corporate headquarters within the District of New Jersey, relevant discovery may be found there. In addition, transfer to this district enjoys the support of defendants and several plaintiffs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Dennis M. Cavanaugh for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

| John G. Heyburn II, Chairman[*] | J. Frederick Motz[*] |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

---

will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**  MDL No. 1938

## SCHEDULE A

<u>Eastern District of California</u>

George Artenstein v. Merck & Co., Inc., et al., C.A. No. 2:08-152

<u>Northern District of California</u>

Richard Haskin v. Merck & Co., Inc., et al., C.A. No. 3:08-376
ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Merck & Co., Inc., et al.,
    C.A. No. 3:08-531
Helen Aronis v. Merck & Co., Inc., et al., C.A. No. 4:08-352

<u>District of Colorado</u>

Ronna Dee Kitsmiller, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08-120

<u>Middle District of Florida</u>

Marion J. Greene v. Merck & Co., Inc., et al., C.A. No. 3:08-69

<u>Southern District of Florida</u>

Sam A. Ciotti v. Merck & Co., Inc., et al., C.A. No. 0:08-60077

<u>District of Kansas</u>

Charles Swanson, et al. v. Merck & Co., Inc., et al., C.A. No. 2:08-2040
John P. Dudley v. Merck & Co., Inc., et al., C.A. No. 6:08-1027

<u>Eastern District of Louisiana</u>

RoseAnn S. Flores v. Merck & Co., Inc., et al., C.A. No. 2:08-674

**MDL No. 1938 Schedule A (Continued)**

District of Minnesota

Jody Fischer v. Merck & Co., Inc., et al., C.A. No. 0:08-203

Northern District of Mississippi

Susan McCulley v. Merck & Co., Inc., et al., C.A. No. 2:08-16
Lisa Mims v. Merck & Co., Inc., et al., C.A. No. 4:08-10

District of New Jersey

Rita Polk v. Schering-Plough Corp., et al., C.A. No. 2:08-285
Jay Klitzner v. Schering-Plough Corp., et al., C.A. No. 2:08-316
Sandra Weiss v. Schering-Plough Corp., et al., C.A. No. 2:08-320
Lionel Galperin v. Merck & Co., Inc., et al., C.A. No. 2:08-349
Robert J. McGarry v. Merck & Co., Inc., et al., C.A. No. 2:08-350
Charles D. Maurer, et al. v. Schering-Plough Corp., et al., C.A. No. 2:08-393
Daniel A. Brown v. Merck & Co., Inc., et al., C.A. No. 2:08-395
Steven Knight v. Merck & Co., Inc., et al., C.A. No. 2:08-396
Ken W. Bever v. Schering-Plough Corp., et al., C.A. No. 2:08-430
David DeAngelis v. Schering-Plough Corp., et al., C.A. No. 2:08-431
Ciro Verdi, et al. v. Schering-Plough Corp., et al., C.A. No. 2:08-432
Marilyn Woodman v. Schering-Plough Corp., et al., C.A. No. 2:08-437

Eastern District of New York

Sigmond Tomaszewski v. Merck & Co., Inc., et al., C.A. No. 1:08-258

Southern District of New York

Joyce B. Rheingold, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08-438
Stanley Levy, et al. v. Merck & Co., Inc., et al., C.A. No. 1:08-491

Northern District of Ohio

Theodore Sahley v. Merck & Co., Inc., et al., C.A. No. 1:08-153
Panayiotis Balaouras v. Merck & Co., Inc., et al., C.A. No. 1:08-198

- A3 -

**MDL No. 1938 Schedule A (Continued)**

      <u>Southern District of Ohio</u>

Dennis Kean v. Merck & Co., Inc., et al., C.A. No. 2:08-61

      <u>Eastern District of Pennsylvania</u>

Fred Singer v. Merck & Co., Inc., et al., C.A. No. 2:08-331

      <u>District of Puerto Rico</u>

Alexis Alicea-Figueroa, et al. v. Merck & Co., Inc., et al., C.A. No. 3:08-1099